### In re INTERACTIVE NETWORK, INC., a California corporation, Debtor.

Bankruptcy No. 98–34055DM.

United States Bankruptcy Court, N.D. California.

Jan. 11, 2000.

### *Order Denying Motion For*
### *Protective Order*

DENNIS MONTALI, Bankruptcy Judge.

On January 7, 2000, this court held a hearing on the motion for protective order filed by Interactive Network, Inc. ("Debtor"). In this motion, Debtor seeks an order quashing the deposition subpoenas of Marshall L. Small, Esq. ("Small") and J. Robert Nelson, Esq. ("Nelson"), both of whom are partners at Morrison & Foerster, LLP, the law firm serving as Debtor's general bankruptcy counsel. David R. Lockton ("Lockton"), whose attorneys issued the subpoenas, filed an opposition to Debtor's motion for protective order. Pending resolution of other separate issues relating to stock options claimed by Lockton, the court is temporarily granting the motion with respect to Small. With respect to Nelson, however, the court will deny the motion for protective order.

Lockton contends that Nelson is a percipient witness on issues relating to Debtor's objections to his proof of claim. In particular, Lockton wants to depose Nelson regarding (1) Nelson's knowledge of TCI's purported intention to retain ownership of Debtor's patents, an alleged event of default triggering acceleration of amounts due to Lockton; (2) Nelson's conversations with Lockton, upon which Lockton bases his claims of waiver and estoppel by Debtor; (3) Nelson's knowledge regarding the ratification of Lockton's employment agreement by Debtor's board of directors; (4) Nelson's knowledge of and lack of objection to Lockton's compensation arrangement; and (5) Nelson's knowledge of Lockton's services to and activities on behalf of Debtor (which is relevant to reasonableness of Lockton's compensation).

Nelson is not litigation, trial or bankruptcy counsel in this contested matter. His services as attorney which are relevant to the proposed discovery were rendered apart from and prior to the claims litigation. Lockton wants to depose Nelson as a fact witness, and concedes that any discovery of Nelson is subject to Debtor's right to claim available privileges. As such, this court will follow the liberal approach to discovery directed at attorneys adopted in *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J.1990) ("deposition of the attorney may be 'both necessary and appropriate' where the attorney may be a fact witness, such as an 'actor or viewer', rather than one who 'was not a party to any of the underlying transactions

giving rise to the action' "). Under these circumstances, this court is not inclined to follow *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986), which involved an attorney who was not a witness to the underlying transaction and was actual trial counsel.

Most significantly, Debtor has refused to stipulate that it will not call Nelson as a fact witness at trial, and has specifically stated that it may call him as a rebuttal witness. In essence, Nelson's testimony may be relevant to the prosecution of Debtor's objection to Lockton's claim. As such, the deposition of Nelson is both "necessary and appropriate," especially where he is a "fact witness." *Johnston,* 130 F.R.D. at 352; *see also American Casualty Co. v. Krieger,* 160 F.R.D. 582, 588 (S.D.Cal.1995). In cases where an attorney's conduct may be the basis of a claim or defense (i.e., the basis of Lockton's claims of waiver), "there is little doubt that the attorney may be examined as any other witness." *Johnston,* 130 F.R.D. at 352.

As noted by the *Krieger* court, neither the federal rules of procedure nor the federal rules of evidence prohibit taking the deposition of any opposing party's attorney. "In fact, Rule 30(a) of the Federal Rules of Civil Procedure permits a party to take the testimony of 'any person' by deposition, without leave of court. The Rule sets forth certain exceptions to this provision, none of which exempt a party's attorney from being subject to deposition." *Krieger,* 160 F.R.D. at 585. Nevertheless, "it is appropriate to require the party seeking to depose an opposing party's attorney to establish a legitimate basis for requesting the deposition, and to demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *Id.* at 588. In this case, Nelson is a fact witness to the transactions underlying this contested matter, but is not litigation counsel in this matter. Since Debtor has indicated that it may call Nelson as a witness at trial, Lockton has shown a legitimate basis for deposing Nelson, and has

satisfied this court that the deposition will not be disruptive or burdensome. In fact, in light of Debtor's reservation of Nelson as a possible trial witness, it would be unduly burdensome and disruptive to prohibit Nelson's deposition.

At this time, the court will not place any limits on the scope, timing or duration of Nelson's deposition. Any disputes regarding these matters or questions of privilege may be resolved by an emergency telephonic conference with the court. *See* ¶ 3 of this court's scheduling order signed on October 28, 1999. Therefore, in light of the foregoing, it is hereby

ORDERED that Debtor's motion for protective order with respect to the deposition of Nelson is DENIED.